UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

PATRICK E. MORGAN,
        Plaintiff,

v.                                                                                                CIVIL ACTION NO. 16-12395-WGY

MARY MORGAN, ET AL.,
        Defendants.

**MEMORANDUM AND ORDER ADOPTING
THE REPORT AND RECOMMENDATION FOR DISMISSAL**

YOUNG, U.S.D.J.

**I.    Introduction**

On December 8, 2017, Magistrate Judge Bowler issued a Memorandum and Order (Docket No. 5) directing plaintiff to demonstrate good cause why his action should not be dismissed. Primarily, the Court found that plaintiff's Complaint was incoherent and did not contain any underlying factual allegations to assert plausible claims against the Secretary of Health and Human Services, Governor Charles Baker, the United States, and Mary Morgan, a private individual. Further, the Court noted that: (1) there was no complete diversity for jurisdiction under 28 U.S.C. § 1332; (2) there were no plausible civil rights claims against defendant Mary Morgan, presumed to be a private citizen not acting under color of law; (3) there were no plausible civil rights claims against Governor Baker or Sylvia Matthews Burwell because *respondeat superior* liability does not apply to civil rights actions; (4) the claims against federal and state officials for monetary damages based on their official capacities were barred by sovereign immunity; and (5) the United States was entitled to sovereign immunity from suit because no waiver of immunity existed.

On January 6, 2017, plaintiff filed a Response (Docket No. 7), seeking a restraining order pursuant to Fed. R. Civ. P. 65, similar to the one unsuccessfully raised before Judge Talwani in the case Morgan v. Middlesex Sheriff's Office, et al., Civil Action No. 14-10659-IT. Upon review of the Response, on January 11, 2017, Magistrate Judge Bowler issued a Report and Recommendation (Docket No. 8) directing reassignment of this action to a District Judge. She

also recommended that this action be dismissed in its entirety because plaintiff had failed to demonstrate sufficient cause why his claims should not be dismissed, and because he failed to address the various legal impediments outlined in her prior Memorandum and Order (Docket No. 5).

On January 23, 2017, plaintiff filed his Show Cause Response (Docket No. 10), which this Court construes as his Objections to the Report and Recommendation ("Objection"). The Objection is unintelligible, containing incomplete sentences and widespread accusations of governmental misconduct, without any underlying facts in support. For example, he alleges, in part:

> Mr. Morgan has suffered and received substantial consequences and injuries pursuant to these acts, and/or omissions by the government being held accountable for such as tortuous incidences of sensory deprivation, poisoning, use and abuse of Nano technological innovation unwittingly and unpermitted [sic]also radiological biological and chemical engineering and experimental Warfare and War Crimes widely and profoundly used and abused both in the general public and penal institutions. . . . This type of behavior causes undue and unjustified challenges for the plaintiff's children and their father contravening laws and impeding on paternal obligations and society norms.

Objection (Docket No. 10 at ¶¶ 9-10). Plaintiff further claims that he is unsure of the whole nature of the proceedings and is lacking specific information because it is either classified or is otherwise unavailable, in contravention to international laws and commerce between foreign nations, countries or tribes. Id. at ¶ 12. Thus, he claims there is room for review in the international criminal court at Peace Palace. Id.

As an additional matter, it appears that plaintiff seeks to assert alleged governmental wrongdoings on behalf of his children.

## II. Discussion

Upon review of all of the pleadings, this Court finds plaintiff's Objection to be without merit and further finds it to be insufficient to demonstrate why this action should not be dismissed. First, to the extent that he seeks to assert claims on behalf of his children, he may not do so because he is not a duly-licensed attorney admitted to practice in this Court. See Massachusetts District Court Local Rule 83.5.5(b) ("An individual appearing *pro se* may not represent any other party and may not authorize any other individual who is not a member of the bar of this district to appear on his or her behalf.").

Second, plaintiff failed to address any of the legal impediments discussed in Magistrate Bowler's Memorandum and Order; rather, his Objections simply serve to obfuscate matters even more. Plaintiff has had two opportunities to set forth plausible claims and a jurisdictional basis for his claims. The Court considers it would be an exercise in futility and an impermissible waste of judicial resources to permit any further opportunities to plaintiff.

Accordingly, this Court will ADOPT the Report and Recommendation to dismiss this action, and will DISMISS this action. Further, because this Court considers that no reasonable person would believe this action has any merit based on the pleadings, this Court will CERTIFY that any appeal would not be taken in good faith. Such a certification prohibits *in forma status* on appeal even though Plaintiff has been found to be indigent. This Court finds this action to be frivolous as that term is used in legal parlance, and that any appeal would be one that plainly does not deserve additional judicial attention. Plaintiff may seek leave to proceed *in forma pauperis* on appeal pursuant to Fed. R. App. P. 24(a)(5).

### III.    Conclusion

Based on the foregoing, it is hereby Ordered that:

1. The Report and Recommendation (Docket No. 8) is ADOPTED in its entirety;

2. This action is DISMISSED in its entirety; and

3. Pursuant to 28 U.S.C. § 1915(a)(3) and Fed. R. App. P. 24(a)(3)(A), this Court CERTIFIES that any appeal of the dismissal of this action would not be taken in good faith.

SO ORDERED.

/s/ William G. Young
WILLIAM G. YOUNG
UNITED STATES DISTRICT JUDGE

DATED: February 1, 2017